UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JARMAINE BROMWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | )   1:10-cv-1666- SEB-TAB |
| vs. | ) |
| | ) |
| ELI LILLY & COMPANY, | ) |
| | ) |
| Defendant. | ) |

## ENTRY ON PLAINTIFF'S MOTION TO RESTORE CASE TO COURT'S CALENDAR
(Docket No. 13)

On January 21, 2011, the Court dismissed this case and entered a corresponding Rule 58 judgment based on the failure of Plaintiff (or, more accurately, the failure of Plaintiff's counsel) to comply with the Court's Entry dated January 4, 2011. The case is now back before the Court on Plaintiff's Motion to Restore Case to Court's Calendar. Although Plaintiff has failed to cite any rule, statute, or other legal authority in support of his motion, he asks the Court to set aside the dismissal and judgment and allow his case to proceed on its merits. The Court will, thus, construe Plaintiff's motion as a Rule 60 motion.

In sum, Plaintiff argues that his case was dismissed based on a series of unfortunate, yet innocent and excusable mistakes on the part of his lawyers. First, his New York lawyers, who had previously been admitted to practice in this District on a *pro hac vice* basis in the case of Welch et. al. v. Eli Lilly and Co., 1:06-cv-641 RLY-DML, mistakenly believed that their *pro hac vice* admissions to practice in the Welch case would carry over to this case. Second, his New York lawyers, after learning that their *pro hac vice* admissions in the Welch case would not carry over to this case, found it impossible to comply with the deadline established in the Court's Entry for

January 4, 2011, because the process for obtaining regular admission to the Bar of this Court took longer than they expected and, until they gained regular admission to the Bar of this Court, they were precluded from filing anything in this District. Neither argument is persuasive.

Even inexperienced lawyers know that *pro hac vice* admission is granted on a case-by-case basis to permit a foreign lawyer to appear in the specific action for which *pro hac vice* admission was granted – not all actions and future actions yet to be filed. Indeed, Black's Law Dictionary defines that the term *pro hac vice* to refer to "a lawyer who has not been admitted to practice in a particular jurisdiction but who is admitted there temporarily for the purpose of conducting a *particular case*." Black's Law Dictionary, 1331 (9th ed. 2009) (emphasis added). Similarly, Local Rule 83.5(c) expressly provides that *pro hac vice* admission may be granted to permit a foreign lawyer to appear in a "*specific action.*"

Moreover, the representation to the Court it was impossible for Plaintiff to correct the problems identified in the Court's Entry for January 4, 2011, until such time as his New York lawyers gained regular admission to the Bar of this Court is simply in error. Plaintiff's New York lawyers were already associated with local counsel who was properly admitted to practice in this District and who had, in fact, already appeared in this case. If Plaintiff's New York lawyers did not want to enlist local counsel to correct the several problems identified in the Court's Entry for January 4, 2011, which they could have done, local counsel could have filed a motion for an extension of time to do so. However, no effort was made to even file a simple motion for extension of time.

We share Defendant's view that the mistakes made by Plaintiff's counsel are not excusable and provide no compelling basis for setting aside the dismissal of this action and the corresponding

judgment pursuant to Rule 60(b)(1).  However, given the procedural history of this case, including the fact that it is a "spin off" of the Welch case and that the several other "spin-off" cases assigned to other judges in this District have not been dismissed and are proceeding on their merits, we will bow to the interests of justice and allow Plaintiff's claims in this action to be restored to the docket.  His lawyers are on notice, at least, that they must conform their practice in this Court to the standards set by all the applicable rules and to the orders of the Court.  We are not likely to be so forgiving of future derelictions as we have been with the ones before now.  Accordingly, the Court finds, pursuant to Rule 60(b)(6), that Plaintiff would be unfairly prejudiced if the Court refused to rescind its previous order of dismissal and vacate the corresponding judgment.

IT IS THEREFORE ORDERED that the Court's January 21, 2011, Order of Dismissal and Judgment are VACATED.  The Clerk is directed to REOPEN this case on the Court's docket.  The parties are directed to meet and confer and agree upon a case management plan within thirty (30) days from the date of this Order and file the same with the Court.

Date: 03/22/2011

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Ellen E. Boshkoff
BAKER & DANIELS
ellen.boshkoff@bakerd.com

Robert Thomas Dassow
HOVDE DASSOW & DEETS LLC
rdassow@hovdelaw.com

Martha M. McBrayer
MORELLI RATNER, PC
mmcbrayer@morellilaw.com

Jamenda A. McCoy
BAKER & DANIELS LLP-Chicago
jamenda.mccoy@bakerd.com

Benedict P. Morelli
MORELLI RATNER, PC
bmorelli@morellilaw.com

Ada N. Orakwusi
MORELLI RATNER PC
aorakwusi@morellilaw.com

David S. Ratner
MORELLI RATNER, PC
dratner@morellilaw.com

Kristen L. Walsh
SANFORD WITTELS & HEISLER, LLP
kwalsh@swhlegal.com